# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

Decided December 23, 2008

No. 05-1244

STATE OF NORTH CAROLINA,
PETITIONER

v.

ENVIRONMENTAL PROTECTION AGENCY,
RESPONDENT

UTILITY AIR REGULATORY GROUP, ET AL.,
INTERVENORS

---

Consolidated with
05-1246, 05-1249, 05-1250, 05-1251, 05-1252, 05-1253,
05-1254, 05-1256, 05-1259, 05-1260, 05-1262, 06-1217,
06-1222, 06-1224, 06-1226, 06-1227, 06-1228, 06-1229,
06-1230, 06-1232, 06-1233, 06-1235, 06-1236, 06-1237,
06-1238, 06-1240, 06-1241, 06-1242, 06-1243, 06-1245,
07-1115

---

On Petitions for Rehearing

---

Before: SENTELLE, *Chief Judge*, and ROGERS and BROWN,

*Circuit Judges*.

Opinion for the Court filed PER CURIAM.

Opinion concurring in part filed by *Circuit Judge* ROGERS.

*PER CURIAM*: In these consolidated cases, we considered petitions for review challenging various aspects of the Clean Air Interstate Rule ("CAIR"). On July 11, 2008, we issued an opinion, in which we found "more than several fatal flaws in the rule." *North Carolina v. EPA*, 531 F.3d 896, 901 (D.C. Cir. 2008) (per curiam). In light of the fact that the Environmental Protection Agency ("EPA") adopted CAIR as an integral action, we vacated the rule in its entirety and remanded to EPA to promulgate a rule consistent with our opinion. *Id.* at 929-30.

On September 24, 2008, Respondent EPA filed a petition for rehearing or, in the alternative, for a remand of the case without vacatur. On October 21, 2008, we issued an order on our own motion directing the parties to file a response to EPA's petition. (Order at 1, Oct. 21, 2008.) We also required the parties to "address (1) whether any party is seeking vacatur of the Clean Air Interstate Rule, and (2) whether the court should stay its mandate until Respondent [EPA] promulgates a revised rule." *Id.* Respondent EPA was given leave to "reply to the question whether a stay of the court's mandate in lieu of immediate vacatur would suffice." *Id.*

Having considered the parties' respective positions with respect to the remedy in this case, the court hereby grants EPA's petition only to the extent that we will remand the case without vacatur for EPA to conduct further proceedings consistent with our prior opinion. This method of disposition is consistent with this court's precedent. *See Natural Res. Def. Council v. EPA*, 489 F.3d 1250, 1262 (D.C. Cir. 2007) (noting this court's prior

3

practice of remanding without vacatur). This court has further noted that it is appropriate to remand without vacatur in particular occasions where vacatur "would at least temporarily defeat . . . the enhanced protection of the environmental values covered by [the EPA rule at issue]." *Envtl. Def. Fund, Inc. v. Adm'r of the United States EPA*, 898 F.2d 183, 190 (D.C. Cir. 1990). Here, we are convinced that, notwithstanding the relative flaws of CAIR, allowing CAIR to remain in effect until it is replaced by a rule consistent with our opinion would at least temporarily preserve the environmental values covered by CAIR. Accordingly, a remand without vacatur is appropriate in this case.

In addition, some of the Petitioners have suggested that this court impose a definitive deadline by which EPA must correct CAIR's flaws. Notwithstanding these requests, the court will refrain from doing so. Though we do not impose a particular schedule by which EPA must alter CAIR, we remind EPA that we do not intend to grant an indefinite stay of the effectiveness of this court's decision. Our opinion revealed CAIR's fundamental flaws, which EPA must still remedy. Further, we remind the Petitioners that they may bring a mandamus petition to this court in the event that EPA fails to modify CAIR in a manner consistent with our July 11, 2008 opinion. *See Natural Res. Def. Council*, 489 F.3d at 1264 (Randolph, J., concurring).

We therefore remand these cases to EPA without vacatur of CAIR so that EPA may remedy CAIR's flaws in accordance with our July 11, 2008 opinion in this case.

ROGERS, *Circuit Judge*, concurring in granting rehearing in part: In deciding on rehearing to remand without vacating the final rule, the court has adhered to its traditional position where vacating would have serious adverse implications for public health and the environment. *NRDC v. EPA*, 489 F.3d 1250, 1264 (D.C. Cir. 2007) (Rogers, J., concurring in part and dissenting in part); *see, e.g., Envtl. Def. Fund, Inc. v. Adm'r of the United States EPA*, 898 F.2d 183, 190 (D.C. Cir. 1990). When the court has ordered vacatur despite potential adverse implications for public health and the environment, it has usually provided an explanation, *see NRDC*, 489 F.3d at 1265, and we did so here, *North Carolina v. EPA*, 531 F.3d 896, 929-30 (D.C. Cir. 2008). We explained that vacatur was appropriate because of the depth of CAIR's flaws, the integral nature of the rule, and because other statutory and regulatory measures would mitigate the disruption caused by vacating the rule. *Id.* However, on rehearing, EPA, petitioners, and amici states point to serious implications that our previous remedy analysis, including our consideration of mitigation measures, did not adequately take into account. The parties' persuasive demonstration, extending beyond short-term health benefits to impacts on planning by states and industry with respect to interference with the states' ability to meet deadlines for attaining national ambient air quality standards for PM2.5 and 8-hour ozone, shows that the rule has become so intertwined with the regulatory scheme that its vacatur would sacrifice clear benefits to public health and the environment while EPA fixes the rule.